## Richmond

STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF
VIRGINIA

V.

VERLE V. GORDON AND HELEN T. GORDON

December 4, 1981.

Record No. 790844.

Present: All the Justices.

*J. Westwood Smithers, Jr., Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General,* on briefs), for appellant.

*J. Segar Gravatt (E. Preston Lancaster, Jr.,* on brief), for appellees.

PER CURIAM.

Pursuant to Code §§ 33.1-119 to -121, the State Highway and Transportation Commissioner ("condemnor") recorded in the Clerk's Office of Prince Edward County Circuit Court three certificates of deposit describing land owned by Verle V. Gordon and Helen T. Gordon ("landowners") which the condemnor needed in connection with the construction of U. S. Highway 460. Because the condemnor and the landowners could not agree on the value of the land described in the certificates, the trial court appointed commissioners to determine the land's fair market value plus damages, if any, to the residue. The commissioners returned and the court approved awards substantially in excess of the total amount of the three certificates. The sole issue before us is whether the excess of the awards earns interest at the rate of six percent per annum from the date of filing of the certificates until payment of the award into court, as contended by the condemnor, or at the rate of eight percent as determined by the trial court.

The controlling statute, Code § 33.1-128, prior to its 1981 amendment, stated in pertinent part:

§ 33.1-128. *Awards in greater or lesser amounts than deposit; interest.*—In the event of an award in a condemnation proceeding being of a greater amount than that deposited by virtue of a certificate, the excess amount, together with interest accrued on such excess amount at the rate of interest pro-

vided in § 6.1-318 per annum from the date of such deposit to the date of payment into court, shall be paid into court for the person or persons entitled thereto, except that any interest which accrued before July one, nineteen hundred seventy, shall be paid at the rate of five per centum. In no other instance shall interest be allowed on any award.

The General Assembly, repealed Code § 6.1-318[1] by Acts 1975, c. 448, and enacted Code §§ 6.1-330.9 and -330.10.[2]

In making the award to the landowners, the trial court concluded that because the General Assembly had repealed Code § 6.1-318, Code § 6.1-330.10, the judgment rate-of-interest statute, controlled even though Code § 33.1-128 had retained Code § 6.1-318 as a referenced statute. We disagree with the trial court.

We approve the following rule of statutory construction cited by the Attorney General:

A statute of specific reference incorporates the provisions referred to from the statute *as of the time of adoption* without subsequent amendments, unless the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute. In the absence of such intention subsequent amendment of the referred statute will have no effect on the reference statute. Similarly, *repeal of the statute referred to will have no effect on the reference statute unless the reference statute is repealed by implication with the referred statute.* [Emphasis added.]

2A *Sutherland Statutory Construction* § 51.08 (4th ed. C. Sands 1973). *See also* 168 A.L.R. 627, 629.

■ We therefore hold that the repeal of Code § 6.1-318 did not affect the interest rate incorporated by reference in Code § 33.1-128 and that the excess of the awards in this case is payable at the rate of six percent and not eight percent. The amendment and

---

[1] § 6.1-318. *Legal rate of interest.* Legal interest shall be at the rate of six percent per annum.

[2] Code § 6.1-330.9. *Legal rate of interest; when legal rate implied.*—The legal rate of interest shall be six per centum per annum. . . .

Code § 6.1-330.10. *Judgment rate of interest.*—The judgment rate of interest shall be eight per centum per annum.

re-enactment of Code § 33.1-128, Acts 1981, c. 476,[3] harmonizes with our present holding.

Consequently, we will reverse the trial court's ruling and modify the final order to provide for interest at the rate of six percent on the excess amount awarded.

*Reversed and final judgment.*

---

[3] Acts 1981, c. 476, § 33.1-128. *Awards in greater or lesser amounts than deposit; interest.*—In the event of an award in a condemnation proceeding being of a greater amount than that deposited by virtue of a certificate, the excess amount, together with interest accrued on such excess amount at the rate of *eight percent annually* from the date of such deposit to the date of payment into court, shall be paid into court for the person or persons entitled thereto, except that any interest which accrued before July one, nineteen hundred seventy, shall be paid at the rate of five percent, and *interest accruing thereafter and prior to July one, nineteen hundred eighty-one, shall be paid at the rate of six percent.* In no other instance shall interest be allowed on any award. In the event of an award in a condemnation proceeding being of a lesser amount than than deposited with the court, the Commissioner shall recover the amount of such excess and, if any person has been paid a greater sum than that to which he is entitled as determined by the award, judgment shall be entered for the Commissioner against such person for the amount of such excess. [Amendment italicized.]