455 S.E.2d 251

**Gleen Allen MOSES**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1906–93–3.**

Court of Appeals of Virginia,
Salem.

March 21, 1995.

Bryan K. Selz (Overbey, Hawkins & Selz, on brief), for appellant.

Robert B. Condon, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: MOON, C.J., and BARROW and COLEMAN, JJ.

COLEMAN, Judge.

Gleen Allen Moses was declared to be an habitual offender by the Circuit Court of Campbell County. *See* Code § 46.2–351 *et seq.* He contends that the trial court erred by improperly admitting into evidence a certified copy of an abstract of a DUI conviction from the convicting court in order to prove one of the predicate offenses, rather than relying solely upon the "record, as maintained in the office of the Department [of Motor Vehicles]" (DMV), as provided by Code § 46.2–351. He argues that Code § 46.2–351 defines an habitual offender according to the DMV records; therefore, the court erred in considering evidence other than the "record, as maintained in the office of the" DMV. Thus, he asserts, because the DMV record was in error as to one of the predicate convictions, the Commonwealth's evidence was insufficient to prove that he was an habitual offender. For the reasons that follow, we affirm the judgment of the trial court.

Pursuant to Code § 46.2–353, the Commonwealth's attorney for Campbell County filed an information against Gleen Allen Moses requiring him to appear and show cause why he should not be declared an habitual offender. At the show cause hearing, Code § 46.2–354, the DMV's transcript of Moses's conviction record, as certified by the Commissioner, was admitted into evidence. *See Nesselrodt v. Commonwealth,* 19 Va.App. 448, 452 S.E.2d 676 (1994) (*en banc*). Of the predicate offenses shown on Moses's DMV transcript, one was a

DUI conviction on "4/12/88" from "*Dis Ct* Lynchburg" (emphasis added) with the offense date of "01/08/84."

At the hearing, Moses denied that he had been convicted of DUI on April 12, 1988, in the General District Court of Lynchburg. The Commonwealth's attorney responded by offering into evidence a certified copy of a judgment order dated April 12, 1988, from the Lynchburg *Circuit Court* (emphasis added), showing that Moses was convicted of DUI in that court for an offense occurring on January 8, 1984. The trial court received the certified court order into evidence, ruled that the DMV record of Moses's convictions contained a "scrivener's error," found that Moses had been convicted of three requisite offenses within ten years, and declared Moses to be an habitual offender.

Moses argued to the trial court, as he does on appeal, that because the DMV record erroneously showed that he was convicted of DUI on April 12, 1988, in the General District Court of Lynchburg, the evidence was insufficient to bring him within the definition of an habitual offender pursuant to Code § 46.2–351 and that the court erred by considering evidence other than the transcript to prove the DMV "record."

An information and show cause proceeding, although instituted by the Commonwealth's attorney to determine whether a person should be declared an habitual offender, is a civil proceeding. *Moffitt v. Commonwealth*, 16 Va.App. 983, 986, 434 S.E.2d 684, 687 (1993). In order for a person to be declared an habitual offender, the Commonwealth must prove by a preponderance of the evidence that the respondent has been convicted of the requisite offenses listed in Code § 46.2–351(1) or (2). *Id.*

In the present case, the Commonwealth established a *prima facie* case that Moses was an habitual offender within the definition of Code § 46.2–351(1) when it introduced the transcript of his DMV record, which showed that Moses had been convicted of the requisite three offenses within ten years. *See* Code § 46.2–352.

Once the Commonwealth met its initial burden of proof and established a *prima facie* case against Moses through the certified DMV transcript, "[i]f [a defendant] denies any of the facts as stated therein, he shall have the burden of proving that the fact is untrue." *Id.; see also Commonwealth v. Dalton,* 11 Va.App. 620, 624, 400 S.E.2d 801, 803 (1991). When the *prima facie* proof is rebutted, and other evidence is presented, the trier-of-fact must weigh all the evidence to determine whether the Commonwealth has satisfied its burden of proving by a preponderance of the evidence that the convictions are valid. *See, e.g., State Farm Mutual Auto. Ins. Co. v. Geico,* 241 Va. 326, 334, 402 S.E.2d 21, 25 (1991).

Moses went forward with evidence to show that his DMV record was in error and that he had not been convicted in the Lynchburg General District Court in 1988 of DUI. Without more, the evidence may have been insufficient for the Commonwealth to have sustained its burden of proving by a preponderance of credible evidence that Moses had the requisite convictions to be adjudged an habitual offender. However, in rebuttal, the Commonwealth introduced a certified order from the Circuit Court of Lynchburg, which showed that the DMV record was not in error regarding the fact of his conviction, only with respect to the court in which the conviction had occurred. The error related only to a fact that was immaterial as to whether Moses was an habitual offender.

The trial court did not err in admitting the certified order from the Circuit Court of Lynchburg in order to prove that Moses's DMV record contained an error only as to the court in which a conviction was obtained and to verify that the DMV transcript and record were accurate as to the nature and date of Moses's DUI conviction. Furthermore, the "record, as maintained in the office of the" DMV, was sufficient to prove by a preponderance of the evidence that Moses had the three requisite offenses to be declared an habitual offender. Ac-

cordingly, we affirm the trial court's adjudication of Moses to be an habitual offender.

*Affirmed.*