COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

ARTHUR LYNN COOK

v.          Record No. 0587-94-4          OPINION BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  JUNE 20, 1995

          FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                   Porter R. Graves, Jr., Judge

     Roland M.L. Santos for appellant.

     Steven Andrew Witmer, Assistant Attorney General (James S.
     Gilmore, III, Attorney General, on brief), for appellee.


     Arthur Lynn Cook (defendant) was convicted by jury of attempted second degree murder. Defendant contends on appeal that the "crime did not exist" because no attendant penalty was prescribed by statute. We agree and reverse the conviction.

     On the date of the instant offense, August 10, 1993, Code § 18.2-32 defined "[a]ll murder[,] other than capital murder and murder in the first degree[,]" as "murder of the second degree," "punishable by confinement . . . for not less than five nor more than forty years." Id. (emphasis added). At that time, Code § 18.2-26 prescribed the several punishments for "attempts to commit an offense which is a noncapital felony," differentiating each by specific reference to the "maximum punishment" of the underlying consummated crime. Id. (emphasis added); see also Code § 18.2-10. However, former Code § 18.2-26 did not provide a punishment for an attempted felony which was punishable by confinement for a maximum of forty years. Thus, although defendant's conduct may have been proscribed by statute, it was an

offense without a penalty.

A review of the legislative history of Code §§ 18.2-32 and 18.2-26 discloses that Code § 18.2-32 was amended during the 1993 session of the General Assembly, increasing the punishment for second degree murder from a Class 3 felony, "not less than five years nor more than twenty years," Code § 18.2-10, to "not less than five nor more than forty years." Code § 18.2-32. However, Code § 18.2-26 was not correspondingly amended to embrace the enhanced penalty for a violation of Code § 18.2-32 until the 1994 session of the legislature. The Commonwealth reasons that this "history . . . shows that an oversight occurred" urging that we "give life to the intent of the legislature" and affirm the conviction.

We recognize that "the primary objective of statutory construction is to ascertain and give effect to legislative intent." Crews v. Commonwealth, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987) (citation omitted). However, "[i]t is . . . fundamental . . . that penal statutes 'must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Commonwealth v. Knott, 11 Va. App. 44, 47, 396 S.E.2d 148, 150 (1990) (quoting Crews, 3 Va. App. at 536, 352 S.E.2d at 3). "Words of a penal law will not be extended by implication to the prejudice of the accused, and all reasonable doubt must be resolved in his favor." Waller v. Commonwealth, 192 Va. 83, 88, 63 S.E.2d 713, 716 (1951) (citation omitted).

"[A] crime is made up of two parts, forbidden conduct and a prescribed penalty.  The former without the latter is no crime." Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 1.2(d) (1986); see United States v. Evans, 333 U.S. 483, 486 (1948); State v. Fair Lawn Serv. Ctr., Inc., 120 A.2d 233, 235 (N.J. 1956); Redding v. State, 85 N.W.2d 647, 652 (Neb. 1957); State v. Ching, 619 P.2d 93, 94 (Haw. 1980).  Criminal penalties "should be provided with that degree of clarity that characterizes all criminal law, to the end that its application must not be left to conjecture."  McNary v. State, 191 N.E. 733, 740 (Ohio 1934). If a criminal statute or ordinance does not specify a penalty, it is beyond our province to prescribe one on the assumption that the deficiency was simply an "oversight."  See Evans, 333 U.S. at 486; Fair Lawn Serv. Ctr., 120 A.2d at 236.  "[D]efining crimes and fixing penalties are legislative, not judicial, functions."  Evans, 333 U.S. at 486.

Although the amendments to Code § 18.2-26 subsequent to defendant's misconduct included attempts at Code § 18.2-32 offenses, the revised statute may not retroactively assign punishment to prior acts.  See Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78-79, 367 S.E.2d 204, 207 (1988) (quoting Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948)).

Defendant was, therefore, convicted for conduct which constituted no crime at the time of the offense.  Accordingly, we reverse the judgment of the trial court.

Reversed and dismissed.

- 3 -