## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Todd A. Gardner

November 13, 1996

Case No. (Law) 152376

BY JUDGE STANLEY P. KLEIN

On May 16, 1996, Defendant Todd Gardner was convicted in the Fairfax County Circuit Court of his third offense of driving while intoxicated in violation of Herndon Ordinance 95-0-13. Pursuant to this conviction, a Rule to Show Cause why the Defendant should not be declared a habitual offender was issued by the Court as prescribed by Virginia Code § 46.2-351.2. The Defendant has urged this Court to dismiss the Rule to Show Cause, raising two issues in his defense. First, the Defendant argues that there is no evidence to sustain the predicate convictions upon which the Commonwealth relies in subjecting him to classification as a habitual offender. The Defendant contends that the relevant records of the Division of Motor Vehicles ("the DMV") are hearsay evidence and, therefore, are inadmissible. Next, the Defendant contends that the applicable Herndon ordinance is an invalid criminal law. After due consideration of the pleadings and the written and oral arguments, the Defendant is declared a habitual offender.

### I. *The Hearsay Issue*

In *Ingram v. Commonwealth*, 1 Va. App. 335 (1986), the Virginia Court of Appeals first addressed the issue of hearsay with respect to DMV records. Ingram appealed a conviction for operating a motor vehicle with a suspended

license, arguing that the DMV transcript used to establish the revocation was hearsay. The Court agreed that the DMV records were hearsay but ruled that they were nonetheless admissible under the "official documents" exception to the hearsay rule. *Id.* at 338.

The *Ingram* decision established the admissibility of DMV records as proof of revocation of license or suspension of driving privileges as effected by the Commissioner but left open the question of whether the same are admissible when the revoking or suspending authority is a *judicial* entity. This issue was resolved in *Smoot v. Commonwealth*, 18 Va. App. 562 (1994). In *Smoot*, the defendant was convicted for driving after having been adjudicated a habitual offender. His DMV transcript was introduced at trial as proof of his status as a habitual offender. Smoot appealed arguing that the DMV transcript was hearsay and that the official documents exception did not apply since the Commissioner lacked the requisite personal knowledge of his earlier adjudication as a habitual offender. The Court of Appeals disagreed noting that "[t]he statutory scheme for the enforcement of the habitual offender act, Code § 46.2-351 *et seq.*, requires that court officials and the Commissioner of the DMV exchange information regarding operators' driving records." *Id.* at 565; *see, e.g.* Va. Code § 46.2-383 (requiring clerk of relevant court to forward abstracts of convictions and orders to Commissioner). The duty of the Commissioner to maintain the records of the DMV is statutorily prescribed by Code § 46.2-351. This duty is facilitated through the cooperation of the courts and law enforcement in forwarding to the Commissioner the information necessary to the proper maintenance of these records.

Virginia appellate decisions have consistently recognized this record keeping responsibility of the DMV Commissioner. In *Moses v. Commonwealth*, 20 Va. App. 27 (1995), the defendant appealed his adjudication as a habitual offender based on a clerical error in his DMV transcript. One of the predicate offenses used to declare Moses a habitual offender was a DWI conviction. The date of the conviction as reported in the DMV record was erroneous. The trial court declared the error harmless, reasoning that despite the error, the report clearly showed that Moses had committed three offenses within ten years, thereby justifying his classification as a habitual offender. *Id.* at 30. The Virginia Court of Appeals affirmed, relying on the record "as maintained in the office of the DMV." *Id.* at 31. Recognition of the statutory duties of the Commissioner in maintaining these records has allowed the introduction of DMV records in habitual offender proceedings as prima facie evidence of the validity of the convictions reported therein. This prima facie presumption is codified by statute and has been consistently recognized by Virginia courts. "The [DMV] transcript or abstract

of convictions which bring the person within the definition of an habitual offender … shall be prima facie evidence that the person named therein was duly convicted … of each offense shown in the transcript or abstract." Va. Code § 46.2-352(B); *see Staup v. Commonwealth*, No. 2897-95-4 (Va. App. October 22, 1996) (introduction of DMV records establishes prima facie presumption of valid convictions, and said presumption is based on underlying presumption that DMV Commissioner keeps accurate records); *Dicker v. Commonwealth*, 22 Va. App. 658 (1996) (declaring DMV transcript prima facie proof of convictions reported therein); *Moses v. Commonwealth*, 20 Va. App. 27, 30-31 (1995) (stating that Commonwealth established prima facie case of defendant's guilt by introducing DMV transcript); *Moffitt v. Commonwealth*, 16 Va. App. 983 (1993) (holding DMV transcript established prima facie presumption of validity of convictions).

The official documents exception reflects a general consensus in the law that the source and nature of official documents obviate concerns regarding the reliability of the evidence. *Ingram*, 1 Va. App. at 338. These judicial records, compiled and maintained by the DMV pursuant to statutory mandate, are official documents and accordingly are admissible under the official documents exception to the hearsay rule.

## II. *The Validity of the Herndon Ordinance*

On June 13, 1995, Herndon Ordinance 95-0-13 amended Herndon Code Section 13-3 and adopted "the provisions contained in Title 46.2 and in Article 2 (§ 18.2-266 *et seq*.) of Chapter 7 of Title 18.2 of the Code of Virginia (1950), as amended, including all procedural, substantive, and penalty provisions relating to the operation of vehicles in the Commonwealth … ." The effective date of this adoption, as set forth in section 2 of the ordinance was July 1, 1995. No language in the ordinance specified that the version of the Virginia Code adopted was the version in effect as of July 1, 1995. The Defendant contends that as the ordinance is a criminal statute, the failure to properly delineate the law adopted renders the ordinance invalid. The Defendant cites *Cook v. Commonwealth*, 20 Va. App. 510 (1995), for the proposition that criminal statutes should be strictly construed against the government. While Virginia law generally requires strict statutory construction of penal statutes, the Court finds no citable instance of an invalidation of a statute or ordinance based on a failure to specify that the law adopted through incorporation takes as its reference date the law as it then exists. *See e.g. Rollins v. Town of Gordonsville*, 216 Va. 25 (1975) (holding ordinance incorporating statute invalid for failure to specify chapter of Code incorporated

where title contained two chapters); *Cook v. Commonwealth*, 20 Va. App. 510 (1995) (declaring statute invalid for failure to prescribe penalty for proscribed offense). Moreover, in *State Highway Transp. Comm. v. Gordon*, 222 Va. 712 (1981), the Virginia Supreme Court enunciated the rule of statutory construction in assessing the controlling time frame for statutes based on incorporation of state law. "A statute of specific reference incorporates the provisions referred to from the statute *as of the time of adoption* without subsequent amendments … ." *Id.* at 714 (emphasis in original). Thus, this Court finds that the ordinance is not invalid on this ground asserted by the Defendant.

Gardner also argues that Herndon Ordinance 95-0-13 impermissibly adopts future amendments to the Virginia Code. A statute or ordinance that incorporates by reference future amendments to state law is invalid if its retroactive application impairs the accused's right to invoke a defense. *See School Board of City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 38 (1987). Here, however, there is no evidence of any subsequent change in state law that could have affected the Defendant's third DWI conviction in any way. Furthermore, Virginia Code § 46.2-1313 expressly allows for the adoption of future amendments to the relevant provisions of the Code. "Local authorities may adopt ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law; provided that such local ordinances do not become effective before the effective date of the state law." Subsection (c) of the Herndon ordinance expresses the Town's intent that the ordinance's incorporation of the relevant state statutes "shall include future amendments to the state statutes … [and] shall become effective upon the effective date of such statutes as state law." The Town of Herndon Ordinance Number 95-0-13 clearly incorporates Code § 18.2-266 *et seq.* as it existed on July 1, 1995, the effective date of the ordinance. The ordinance represents no retroactive application of law and is in compliance with the provisions of Code § 46.2-1313. Consequently, the ordinance is valid, and the Defendant is declared a habitual offender.