COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


KIMBERLEY S. LOVLIE
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2999-95-1       JUDGE NELSON T. OVERTON
                                            JANUARY 28, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Edward W. Hanson, Jr., Judge

            Gregory K. Pugh for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Kimberley S. Lovlie appeals from a judgment in the Circuit
Court of the City of Virginia Beach declaring her an habitual
offender pursuant to Code § 46.2-351.  She claims, because the
certification issued by the Department of Motor Vehicles (DMV)
was inaccurate, that (1) she was not given proper notice and (2)
the evidence at the hearing was therefore insufficient to support
a conclusion that she was an habitual offender.

        The parties are fully conversant with the record in the
cause, and because this memorandum opinion carries no
precedential value, no recitation of the facts is necessary.

        The DMV certification indicated that Lovlie had been
convicted of three predicate offenses that brought her within the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

definition of an habitual offender under Code § 46.2-351. The certification was timely served upon Lovlie.

One of the offenses listed a conviction in the general district court in July, 1994. At the hearing, Lovlie proved that she had no conviction on record in the general district court for that date. When called to testify, however, Lovlie admitted that she was charged with driving under the influence around that date, that she went to court twice, and that she believed she was convicted in the circuit court for that offense. The judge found the evidence sufficient to declare Lovlie an habitual offender.

Lovlie argues that one of the offenses used to prove her an habitual offender was not listed on the certification and that she did not receive proper notice under the Code. See Code § 46.2-354 (effective until January 1, 1996) (requiring a copy of the show cause order and the DMV transcript or abstract to be served on the defendant). We disagree. Lovlie had notice that the court was considering a conviction that occurred in July, 1994. Her own testimony proved that she was aware of the nature of that offense. Notice will not be found to be lacking "when the defendant plainly had notice of the true nature of the charge against him or her." Flaherty v. Commonwealth, 14 Va. App. 148, 152, 415 S.E.2d 867, 869 (1992); see Williams v. Commonwealth, 5 Va. App. 514, 516-17, 365 S.E.2d 340, 341 (1988).

Lovlie's own testimony also provides sufficient evidence to support a determination of an habitual offender, when coupled

with the two correct convictions in the DMV abstract.  Her testimony as to a driving under the influence conviction in the circuit court at approximately the same time as the DMV's record of a conviction for the same offense in the district court supports the judge's conclusion that the DMV abstract contained merely a scrivener's error.  See Moses v. Commonwealth, 20 Va. App. 27, 30, 455 S.E.2d 251, 252 (1995).  On appeal, the evidence must be viewed in a light most favorable to the Commonwealth. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Accordingly, the judgment appealed from is affirmed.

Affirmed.