COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


CLARENCE WILLIS MYERS

MEMORANDUM OPINION[*] BY
v.   Record No. 0590-97-3     JUDGE RUDOLPH BUMGARDNER, III
                                    MAY 5, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Elwood Earl Sanders, Jr., Director
Capital/Appellate Services (Public Defender
Commission, on briefs), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Richard Cullen, Attorney General, on
brief), for appellee.


Clarence Myers was convicted of driving after being declared an habitual offender, driving under the influence of alcohol, and refusing to submit to a breath test.  He appealed only the conviction of driving after being declared an habitual offender.  He asserts that there was insufficient evidence that he knew he was an habitual offender.  Finding that there was evidence to prove that element of the offense beyond a reasonable doubt, we affirm.

The defendant was declared an habitual offender February 7, 1972.  The order declaring him to be so was mailed to his residence in Eden, N.C., but was returned unclaimed.  On September 7, 1996 at 2:45 p.m., the defendant, who was alone in

                    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

his car, collided with another vehicle.  His car came off the shoulder of the road, through his lane of travel, and struck an oncoming car.  At first the defendant claimed that his wife was driving though there was no one else in the car.  Then he said it was a girlfriend, and then someone he had picked up down the street.  He offered the driver of the vehicle he hit $100 to "forget all of this."

Mark Hendrix, a detective with the Danville Police Department, testified that he had spoken with the defendant several times in June 1996.  He was investigating a murder, and the defendant was a potential witness.  On one occasion, the defendant told Hendrix that he was an habitual offender.  Hendrix noted that fact in case he ever saw the defendant driving in the future.

The defendant is a resident of North Carolina.  He argues that the statement he made about being an habitual offender does not show actual knowledge that he was an habitual offender in Virginia.  He argues that because he is a resident of North Carolina his understanding of the term might be different.  He further argues that unless the Commonwealth showed that the North Carolina habitual offender law was the same as Virginia law, his statement would not be proof of his actual knowledge.  The Commonwealth presented no evidence comparing the habitual offender laws of the two states.  The defendant's argument is not persuasive.

The Commonwealth conceded that it must prove actual

knowledge. The Commonwealth met this burden by presenting testimony that the defendant himself admitted to that status. Words or phrases such as "habitual offender" should be given their common, ordinary meaning. "Words are not to be construed according to the secret intent of the speaker, but from the expression used in accordance with their usual meaning and common acceptation." Cook v. Patterson Drug Co., 185 Va. 516, 521, 39 S.E.2d 304, 307 (1946). From Myers' statement that he was an habitual offender, the finder of fact could find that the Commonwealth proved that element and that it had carried its burden of persuasion. No evidence proved that the phrase had some latent meaning that it did not have ordinarily.

"'Prima facie evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled.'" Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)).

Since the Commonwealth had presented prima facie evidence, the trier of fact could find that the defendant had knowledge. See Moses v. Commonwealth, 20 Va. App. 27, 31, 455 S.E.2d 251, 253 (1995). This the trial court did. From the evidence presented, ordinary men could find beyond a reasonable doubt that the defendant knew his status. Accordingly, we affirm the conviction.

- 3 -

Affirmed.