John M. NUNLEY, Appellant,

v.

STATE of Alaska, Appellee.

Kenneth Cutler, Appellant,

v.

State of Alaska, Appellee.

Robert Krause, Jr., Appellant,

v.

State of Alaska, Appellee.

Nos. A–7733, A–7734, A–7735.

Court of Appeals of Alaska.

June 29, 2001.

Laurel Bennett and Danna M. White, Assistant Public Defenders, Palmer, and Barbara K. Brink, Public Defender, Anchorage, for Appellants.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

■ John M. Nunley, Kenneth Cutler, and Robert Krause, Jr., were separately convicted of failing to comply with the Alaska Sex Offender Registration Act (ASORA).[1] Each defendant moved to dismiss his case, primarily arguing that ASORA did not apply to him because he did not fit into any of the three subsections of former AS 12.63.010(a). District Court pro tem Judge Paul E. Olson denied their motions, and each defendant entered a no contest plea, preserving the right to appeal this issue.[2] We consolidated

---

**1.** *See* former AS 12.63.010 (1988) and former AS 11.56.840 (1989).

**2.** *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

these appeals for purposes of oral argument and decision. For the reasons set out below, we affirm the convictions.

### Facts and proceedings

Nunley, Cutler, and Krause each had been convicted of sex offenses, sentenced, and subsequently released from their probation before August 10, 1994, the effective date of ASORA. Each had been found guilty of a sex offense in 1990; Nunley had been released from probation in 1993, while Cutler and Krause had been released in 1992. In 1998, each was charged with violating ASORA for not registering as a sex offender; each entered a no contest plea in 1999. Their cases were then stayed pending this court's disposition of *Patterson v. State.*[3]

### Discussion

 The appellants contend that while ASORA directs some classes of convicted sex offenders to register, and provides the time and the manner for doing so, former AS 12.63.010(a) does not specifically address convicted sex offenders who were unconditionally released prior to August 10, 1994. They argue that former AS 12.63.010(a) provided registration deadlines for only three groups of offenders, none of which includes the appellants. They conclude that either the legislature did not intend to require offenders like them to register under ASORA, or, alternatively, that ASORA is unconstitutionally vague because it did not provide them with adequate notice that they had a duty to register.

We disagree with the appellants' interpretation. The pertinent part of former AS 12.63.010 provides that:

(a) A sex offender who is physically present in the state shall register as provided in this section. The sex offender shall register within

(1) seven days of release from an in-state correctional facility;

(2) seven days of conviction for a sex offense if the sex offender is not sentenced to a term of incarceration; or

(3) 14 days of becoming physically present in the state, except the sex offender shall register within seven days of becoming physically present in the state if the sex offender

(A) is a probationer or parolee being supervised by the state as the receiving state under AS 33.36.110–33.36.120; or

(B) has been released from an out-of-state correctional facility where the sex offender was serving a term of incarceration for a sex offense conviction in this state.[4]

The language of former AS 12.63.010(a) makes it clear that "[all] sex offender[s] who [are] physically present in the state shall register...." Likewise, for purposes of former AS 12.63, the term "sex offender" means "a person convicted of a sex offense in this state or another jurisdiction regardless of whether the conviction occurred before, after, or on [the effective date]" of ASORA.[5] The only offenders excused were those "with only one conviction for a sex offense who [had] been unconditionally discharged from that sex offense before July 1, 1984[.]"[6] Based on these various provisions, we conclude that the legislature intended to impose a duty to register under ASORA on convicted sex offenders like the appellants. Moreover, we conclude that ASORA provided such sex offenders with sufficient notice that they were required to register.

We also conclude that the legislature intended to criminalize the failure to register under ASORA when, as part of the ASORA legislation, it passed former AS 11.56.840.[7] And, as mentioned above, the only sex offenders excepted from ASORA's registration requirements were those who had been un-

---

3. 985 P.2d 1007 (Alaska App.1999).

4. New registration deadlines went into effect on January 1, 1999. *See* AS 12.63.010.

5. Former AS 12.63.100(2) (1998).

6. Ch. 41, § 12, SLA 1994.

7. Former AS 11.56.840 (1998) provided:

 A person who knowingly fails to (1) register, (2) file the written notice of change of address, or (3) file the annual written notice or statement, as required in AS 12.63.010, is guilty of a class A misdemeanor.

conditionally discharged for a single sex offense conviction before July 1, 1984.[8] Accordingly, we conclude that sex offenders physically present in Alaska who had been released from probation before the effective date of ASORA still were required to comply with the general duty to register set forth in former AS 12.63.010(a). Likewise, we conclude that the legislature intended to subject convicted sex offenders such as the appellants to criminal penalties under former AS 11.56.840 for failing to comply with ASORA's general duty to register.

### Conclusion

The judgment of the district court is AFFIRMED.

MANNHEIMER, Judge, dissenting.

I agree with my colleagues that the legislature wanted the three defendants in this case (and all other similarly situated defendants) to register as sex offenders. But that is not the issue. Instead, the issue is whether these three defendants violated AS 11.56.840—the statute which declares that a person is guilty of a misdemeanor if they fail to register as a sex offender "as required in AS 12.63.010".

These three defendants did not violate a duty to register "as required in AS 12.63.010" because the registration provisions contained in AS 12.63.010 do not apply to these defendants. Rather, the provision of law that obliges these three defendants to register as sex offenders, and that sets a deadline for their registration, is found in a special enactment of the legislature: SLA 1994, ch. 41, § 12 (as later modified by 13 AAC 09.010(d)). The defendants may have violated this special statute and its accompanying regulation, but the defendants did not violate any provision of AS 12.63.010. Therefore, the defendants are not guilty of violating AS 11.56.840.

### Underlying Facts

The three defendants in this case are "sex offenders" for purposes of Alaska's Sex Of-

fender Registration Act; that is, they were convicted of offenses listed in AS 12.63.100(6). Each of the defendants served his prison term and completed his probation before August 10, 1994—the effective date of the Registration Act.

In 1998 (approximately four years after the Registration Act took effect), the defendants were charged with violating AS 11.56.840 because they had never registered as sex offenders. They ultimately pleaded no contest to this charge, reserving their right to pursue this appeal.

### The registration deadlines set forth in AS 12.63.010

Under AS 12.63.010(a), all sex offenders who are physically present in Alaska must register. The statute sets three deadlines for this registration. Sex offenders who are incarcerated in Alaska must register within the 30 day period before their release from prison.[1] Sex offenders who are present in Alaska at the time of their conviction, but who are not incarcerated, must register by the next working day following their conviction.[2] And sex offenders who were not physically present in Alaska at the time of their conviction or release from prison, but who later come to Alaska, must register by the next working day after their arrival in this state.[3]

### The special registration deadline established by the legislature (and later modified by the Department of Public Safety) for sex offenders who had completed their prison terms by the time the Sex Offender Registration Act took effect

All three of the deadlines set forth in AS 12.63.010(a) are tied to a particular event in the defendant's life: the day of the defendant's conviction (if the defendant is not sentenced to prison), or the day of the defendant's release from prison, or the day of the defendant's arrival in Alaska. All three deadlines are based on the assumption that

---

**8.** *See* ch. 41, § 12, SLA 1994.

**1.** *See* AS 12.63.010(a)(1).

**2.** *See* AS 12.63.010(a)(2).

**3.** *See* AS 12.63.010(a)(3).

the Sex Offender Registration Act is in effect when the specified event occurs. People like the defendants in this case—sex offenders who were convicted in Alaska, who were incarcerated in Alaska, and who finished serving their prison terms *before* the Registration Act took effect—obviously will have missed the registration deadlines established in AS 12.63.010. The legislature realized this, and they made special provision for this group of defendants when they enacted the Sex Offender Registration Act.

In an uncodified portion of the session law—SLA 1994, ch. 41, § 12(a)—the legislature established a special registration deadline for persons in the defendants' situation:

> A sex offender who has been unconditionally discharged from a sex offense on or after July 1, 1984, but before the effective date of this Act, shall register ... by July 1, 1994. [Likewise, a] sex offender with two or more convictions for a sex offense before the effective date of this Act, regardless of [when] the sex offender was unconditionally released ..., shall register under AS 12.63.010 ... by July 1, 1994.

The legislature established this July 1, 1994 deadline with the expectation that the Sex Offender Registration Act would be in effect by that date. However, the law did not go into effect until August 10, 1994. Moreover, police agencies were not prepared to handle sex offender registration for many months following the enactment of the Registration Act. To solve this problem, the Department of Public Safety promulgated a regulation, 13 AAC 09.010(d), that set a delayed registration deadline for sex offenders in this situation:

> If the time period for initial registration set out in AS 12.63.010 has already passed as of 12/31/95, [the sex offender] shall initially register no later than the last day of [January, 1996].

This deadline—January 31, 1996—was the one that applied to the defendants in the present case, and it is this deadline that they failed to meet.[4]

*AS 11.56.840 punishes a failure to meet the three registration deadlines set forth in AS 12.63.010, but it does not punish a failure to meet the registration deadline established in 13 AAC 09.010(d) for sex offenders released from custody before the effective date of the Registration Act*

The problem in this case appears to be bad drafting.

All sex offenders physically present in this state have a duty to register, and the legislature clearly wanted to enforce that duty by imposing criminal penalties on those who failed or refused to honor it. But when the legislature drafted AS 11.56.840, the statute that makes it a crime to fail to register, the legislature defined the crime solely with respect to the deadlines specified in AS 12.63.010. They apparently forgot about the defendants who completed their sentences before the passage of the Registration Act and whose registration deadline was specified in 13 AAC 09.010(d).

Under 13 AAC 09.010(d), the three defendants in this case were clearly obliged to register as sex offenders on or before January 31, 1996. And they have conceded that they failed to do that. But one of the cardinal principles of our law is *nullum crimen sine lege, nulla poena sine lege*[5]—the principle that no person shall suffer criminal punishment unless the legislature (or an agency with power delegated by the legislature) has enacted a statute or regulation that makes the person's conduct a crime. This principle is codified in AS 11.81.220, which states:

4. In 1998, the legislature enacted a new uncodified law to deal with these defendants. SLA 1998, ch. 106, § 25(a) states that sex offenders with two or more convictions, or one conviction for an aggravated sex offense as defined in AS 12.63.100(1), "shall register under AS 12.63.010, as amended by secs. 7–11 of this Act, by the 60th day after the effective date of this Act." This same uncodified section further states that "a sex offender ... with only one conviction for a [nonaggravated] sex offense ... who was required to register under sec. 12, ch. 41, SLA 1994, shall continue to register as provided by AS 12.63.010, as amended by secs. 7–11 of this Act."

The following year (in November 1999), 13 AAC 09.010(d) was repealed, apparently in the belief that it was no longer needed.

5. Literally, "no crime without a law, no punishment without a law".

No conduct constitutes an offense unless it is made an offense by (1) this title; (2) by a statute outside this title; or (3) by a regulation authorized by and lawfully adopted under a statute.

As Professor LaFave notes in his treatise on the substantive criminal law, "sometimes the legislature forbids conduct and then omits (in most cases unintentionally) to provide for a penalty.... In such a situation[,] one who engages in the forbidden conduct is not guilty of a crime." [6]

This passage concisely describes what has happened here. The Alaska Legislature ordered these three defendants (and all similarly situated sex offenders) to register by the deadline first established in SLA 1994, ch. 41, § 12 and later modified by 13 AAC 09.010(d). But the legislature either declined or (more probably) neglected to enact a criminal penalty for violation of this duty.

A similar situation was presented to the Virginia Court of Appeals in *Cook v. Commonwealth.*[7] The defendant in *Cook* was convicted of attempted second-degree murder. Although the Virginia legislature clearly intended for attempted second-degree murder to be a crime, the legislature forgot to include a reference to that crime in the statute that listed the punishments for vari-

ous categories of attempts.[8] That is, "although [the] defendant's conduct [was] proscribed by statute, it was an offense without a penalty." [9] Because the legislature had not specified a punishment for attempted second-degree murder, the Virginia court held that the defendant could not be convicted of this offense.[10]

I conclude that we must apply this same rule of law to the case before us.

### Conclusion

The defendants stand convicted of failing to meet the registration deadlines contained in AS 12.63.010(a)—deadlines that do not apply to them. They admittedly failed to meet the registration deadline that does apply to them (the deadline set forth in 13 AAC 09.010(d)), but there is no criminal statute that punishes a failure to meet this deadline. For this reason, the defendants' convictions must be reversed.

---

**6.** Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* (1986), § 1.2(d), Vol. 1, p. 13.

**7.** 20 Va.App. 510, 458 S.E.2d 317 (1995).

**8.** *See id.* at 318.

**9.** *Id.*

**10.** *See id.* at 319.