**STATE of Alaska, Appellant,**

v.

**Harold W. HAWKINS, Appellee.**

**Harold W. Hawkins, Cross–Appellant,**

v.

**State of Alaska, Cross–Appellee.**

**Nos. A–7615, A–7616.**

Court of Appeals of Alaska.

Jan. 25, 2002.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant/Cross–Appellee.

Michelle Hall, Assistant Public Defender, Nome, and Barbara K. Brink, Public Defender, Anchorage, for Appellee/Cross–Appellant.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Harold W. Hawkins was charged with failing to register as a sex offender under the Alaska Sex Offender Registration Act (ASORA).[1] Hawkins moved to dismiss, asserting a number of grounds. Magistrate Bradley N. Gater rejected all of Hawkins's grounds but one; the magistrate granted Hawkins's motion to dismiss on the ground that ASORA violated the *ex post facto* clause of the federal constitution because ASORA, on its face, required sex offenders to register nearly forty days before ASORA was actually passed. The state appeals, arguing that failure to register under ASORA is a continuing offense, and that there was no *ex post facto* violation because Hawkins's offense was failure to register more than three years after the law was enacted. Hawkins cross-appeals, arguing that Magistrate Gater erred when he found that Hawkins had a duty to register under ASORA even though the state could not prosecute him for failing to register. For the reasons set out below, we reverse the magistrate's decision that Hawkins's prosecution violated the federal *ex post facto* clause and affirm his decision that Hawkins had a duty to register under ASORA.

### Facts and proceedings

Hawkins was convicted of first-degree sexual assault in 1981. He was sentenced to six years of imprisonment, with three years suspended. He was unconditionally discharged from his conviction in 1987. In August 1994, when the requirement to register under ASORA went into effect, Hawkins failed to

---

1. *See* former AS 11.56.840 (1998).

register. According to the record, he has never registered as a sex offender.

On January 28, 1998, Hawkins was charged under former AS 11.56.840 with failure to register as a sex offender. He moved to dismiss the charge, arguing, among other things, that ASORA violated the federal prohibition against *ex post facto* laws.[2] Magistrate Gater agreed, granted the motion, and dismissed Hawkins's case.[3] Based on his review of ASORA and its related regulations, Magistrate Gater found that although Hawkins had a duty under ASORA to register as a sex offender, the state could not prosecute him for failing to register by July 1, 1994. As part of his decision, Magistrate Gater found that the Department of Public Safety (the Department) exceeded its authority when it passed former 13 Alaska Administrative Code (AAC) 09.010(d), which extended for certain sex offenders the deadline for initial registration. In essence, the magistrate found that failure to register under ASORA is not a continuing offense.

The state appealed the dismissal of Hawkins's case. However, like many ASORA cases, the case was stayed pending this court's decision in *Patterson v. State*[4] and *State v. Otness.*[5] After this court issued decisions in *Patterson* and *Otness,* this case was remanded for reconsideration. Upon remand, Magistrate Gater did not change his decision that, as applied to Hawkins, ASORA violated the federal *ex post facto* clause. Consequently, the state renewed its appeal, and Hawkins filed a cross-appeal.

*Discussion*

*The state's appeal*

ASORA went into effect on August 10, 1994. Among other things, it required certain convicted sex offenders to register by July 1, 1994—more than a month before the law was enacted.[6] With one general exception, ASORA required all convicted sex offenders to register with the Department. The only sex offenders exempt from the registration requirements were those who had been convicted of a single sex offense and unconditionally discharged from that conviction before July 1, 1984.[7] ASORA also created various categories of sex offenders and set out specific filing deadlines for each of them.[8] Consequently, the Department, which was responsible for implementing ASORA, promulgated a number of regulations. Included in these (apparently to correct the problem caused by the July 1, 1994, registration date, among other things) was a regulation extending the filing deadline for certain sex offenders until January 31, 1996.[9] Under ASORA and the Department's regulations, Hawkins was required to register as a sex offender. However, by January 28, 1998, he had not yet done so.

Magistrate Gater ruled that ASORA's registration requirement was not "punishment" for *ex post facto* purposes. On the other hand, he found that the *prosecution* of Hawkins for failure to register would violate the federal constitution's *ex post facto* clause. In other words, the magistrate found that under ASORA, the state could only prosecute sex offenders like Hawkins for failing to register by July 1, 1994.

This finding, however, is based on a narrow interpretation of ASORA as it was initially enacted. Clearly, as the state concedes, prosecuting Hawkins for failure to file by July 1, 1994, would violate the *ex post facto* clause. But it is equally evident that when the legislature passed ASORA, it intended to impose upon sex offenders a continuing registration requirement and to prosecute those who refused to register. As this

2. U.S. Const., art. 1, § 10.

3. Magistrate Gater noted that Hawkins did not challenge ASORA under the Alaska Constitution's *ex post facto* clause.

4. 985 P.2d 1007 (Alaska App.1999).

5. 986 P.2d 890 (Alaska App.1999).

6. *See* former AS 12.63 (1998); ch. 41, § 12(a), SLA 1994.

7. *See Nunley v. State,* 26 P.3d 1113, 1114 (Alaska App.2001) (citing ch. 41, § 12, SLA 1999).

8. *See* former AS 12.63.010(a)(1), (2), and (3) (1998).

9. *See* former 13 AAC 09.010(d) (1996).

court found in *Nunley v. State*,[10] "[t]he language of former AS 12.63.010(a) ma[d]e it clear that '[all] sex offender[s] who [are] physically present in the state shall register....' "[11] From this, we concluded that "sex offenders physically present in Alaska who had been released from probation before the effective date of ASORA still were required to comply with the general duty to register set forth in former AS 12.63.010(a)."[12] Moreover, a majority of this court concluded "that the legislature intended to subject convicted sex offenders such as the appellants to criminal penalties under former AS 11.56.840 for failing to comply with ASORA's general duty to register."[13] Hawkins's circumstances are similar to those of the appellants in *Nunley;* therefore, the magistrate's narrow construction of ASORA completely defeats the legislature's intent to force certain sex offenders to register.

We find the magistrate erred when he decided that the legislature intended only to prosecute sex offenders for failing to register by July 1, 1994. Accordingly, we conclude that because the state charged Hawkins with failure to register on or about January 28, 1998, there was no *ex post facto* violation.

■ In a related argument, Hawkins asserts that Magistrate Gater correctly found that the Department exceeded its authority when it promulgated former 13 AAC 09.010(d), the regulation that extended the registration deadline for certain sex offenders until January 31, 1996. We conclude, however, that the Department's regulation was within the scope of the Department's authority. This regulation ensures that the legislature's intent to regulate sex offenders, and to prosecute those who fail to register, would be implemented. By extending the initial registration deadline for certain sex offenders, the Department's regulation is consistent with the purposes and policies of ASORA.[14]

### Hawkins's cross-appeal

■ Hawkins, in his cross-appeal, contends that Magistrate Gater erred when he found that Hawkins had a duty under ASORA to register.[15] Hawkins's contention is the same as the one rejected by this court in *Nunley.* Like the defendants in *Nunley,* Hawkins claims that he had no duty to register because former AS 12.63.010 did not by its explicit terms in subsections (1), (2), and (3) include him. As set out above, however, in *Nunley* we not only decided that the defendants had a duty to register under ASORA, but a majority of the court held that the defendants could be criminally prosecuted for failure to register. Because Hawkins's circumstances are similar to those of the defendants in *Nunley*—that is, Hawkins and those defendants were unconditionally discharged after July 1984, but prior to August 10, 1994—our decision in *Nunley* disposes of Hawkins's contention that he had no duty to register. Additionally, the majority decision in *Nunley* disposes of Hawkins's implicit argument that he could not be prosecuted for failure to register.

### Conclusion

The decision of the district court is REVERSED in part and AFFIRMED in part. We REVERSE the decision dismissing the charge and return this case to the trial court

---

10. 26 P.3d 1113 (Alaska App.2001).

11. *Id.* at 1114 (quoting former AS 12.63.010(a)) (brackets in *Nunley* ); *see also Patterson,* 985 P.2d at 1011 (observing that the legislature, finding that sex offenders pose a high risk of reoffending after release from custody, enacted sex offender registration to promote public safety); *Otness,* 986 P.2d at 894 (Mannheimer, J., concurring) ("the purpose of the sexual offender registration act is to protect the public by alerting them to the presence of persons who have been convicted of sex offenses").

12. *Nunley,* 26 P.3d at 1115.

13. *Id.*

14. *Cf. Otness,* 986 P.2d at 892 ("The Department's conclusion that persons whose conviction had been set aside should have the duty to register is a reasonable construction consistent with the purposes and policies of ASORA.").

15. Hawkins initially raised four points of error in his notice of cross-appeal. However, on appeal he only argues one of these—that ASORA did not apply to him because he did not fall under any of the provisions listed in former AS 12.63.010(a)(1), (2), and (3). Accordingly, we will not address his other claims.

for further action on the complaint. We also REVERSE the decision that the Department exceeded its authority when it promulgated former 13 AAC 09.010(d). We AFFIRM the district court's decision that, under ASORA, Hawkins had a duty to register as a sex offender.

MANNHEIMER, Judge, dissenting.

I agree with my colleagues that the State's prosecution of Hawkins presents no *ex post facto* problem. Nevertheless, Hawkins could not lawfully be prosecuted under former AS 11.56.840 for failing to register as a sex offender.

AS 11.56.840(a)(1) declares that a person commits the crime of failing to register as a sex offender if the person "knowingly fails to . . . register . . . as required in AS 12.63.010". AS 12.63.010(a) contains three different registration deadlines for various categories of sex offenders, but none of these three deadlines applies to defendants like Hawkins who were unconditionally discharged from their convictions before the enactment of the Sex Offender Registration Act. The registration deadline for this category of sex offenders is

found in an uncodified session law, SLA 1994, ch. 41, sec. 12(a)—as later modified by former 13 AAC 09.010(d), and then by SLA 1998, ch. 106, sec. 25(a).[1]

The legislature has never enacted a criminal penalty to enforce this deadline. That is, even though AS 11.56.840 penalizes a sex offender's failure to meet the registration deadlines specified in AS 12.63.010(a), no criminal statute penalizes a sex offender's failure to meet the registration deadline established in SLA 1994, ch. 41, sec. 12(a). Because the legislature has failed to provide a criminal penalty for failing to meet the registration deadline that applies to Hawkins, Hawkins could not be convicted of failing to register. See my dissent in *Nunley v. State*, 26 P.3d 1113, 1115–17 (Alaska App. 2001).

---

1.  Currently, SLA 1998, ch. 106, sec. 25(a) specifies the registration deadline for this category of offenders. It states:

    APPLICABILITY. (a) A sex offender or child kidnapper with, before the effective date of this Act, (1) one conviction for an aggravated sex offense, (2) two or more convictions for a sex offense or child kidnapping, or (3) one conviction for a child kidnapping and one conviction for a sex offense, regardless of whether the offender or kidnapper has been unconditionally discharged from that conviction or convictions, shall register under AS 12.63.010, as amended by secs. 7–11 of this Act, by the 60th day after the effective date of

    this Act [*i.e.*, by March 2, 1999]. A sex offender or child kidnapper with only one conviction for a sex offense that is not an aggravated sex offense or only one conviction for a child kidnapping, and who was unconditionally discharged from that offense before July 1, 1984, does not have to register under this Act. A sex offender or child kidnapper with only one conviction for a sex offense that is not an aggravated sex offense or only one conviction for a child kidnapping who was required to register under sec. 12, ch. 41, SLA 1994, shall continue to register as provided by AS 12.63.010, as amended by secs. 7–11 of this Act.