STATE of Alaska, Appellant,

v.

Wendell OTNESS, Appellee.

State of Alaska, Appellant,

v.

Robert Elmore, Appellee.

State of Alaska, Appellant,

v.

Neil F. Schenk, Appellee.

Nos. A–7028, A–7037, A–7038.

Court of Appeals of Alaska.

Aug. 13, 1999.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Robert B. Downes, Downes, MacDonald & Levengood, P.C., Fairbanks, for Appellee Otness.

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for Appellees Elmore and Schenk.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

When the legislature passed the Alaska Sex Offender Registration Act (ASORA),[1] the legislature authorized the Department of Public Safety to adopt regulations implementing that act.[2] Among the regulations adopted by the Department is a definition of "conviction" requiring registration of any person convicted of a sex offense even if the

---

**1.** AS 12.63.010–.100, AS 18.65.087.

**2.** *See* AS 18.65.087(a).

conviction was set aside after he or she successfully completed probation from a suspended imposition of sentence (SIS).[3] Wendell Otness, Robert Elmore, and Neil F. Schenk all had their sex-offense convictions set aside after completing SIS probation.[4] Because they did not register, the State charged each defendant with second-degree failure to register as a sex offender.[5]

District Court Judge Jane F. Kauvar granted each defendant's motion to dismiss. Judge Kauvar ruled that the Department of Public Safety had no authority to define conviction to include those convictions that had been set aside. We conclude that the regulation is proper and that Otness, Elmore, and Schenk are obliged to register as sex offenders.

### Facts and proceedings

None of the appellees registered as sex offenders. The State charged each defendant in district court for failing to register as a sex offender. Each defendant moved to dismiss on various grounds. Apparently rejecting all grounds except the defendants' claim that they were not sex offenders within the meaning of ASORA, Judge Kauvar dismissed each defendant's case. The State appealed. We consolidated these cases for appeal.

### Discussion

■ Each defendant was convicted of a sex offense as defined in AS 12.63.100. ASORA requires that any person convicted of a sex offense must register at the local police station or the state trooper post nearest to the offender's residence.[6] Although ASORA contained no explicit definition of "conviction," the legislature authorized the Department of Public Safety to promulgate regulations implementing the act.

3. *See* 13 Alaska Administrative Code (AAC) 09.900(a)(2).

4. *See* AS 12.55.085.

5. *See* AS 11.56.840.

6. *See* AS 12.63.010(a) & (b).

The Department adopted a regulation that interpreted "conviction" for purposes of ASORA. That regulation, 13 AAC 09.900(a)(2), provides:

(a) In this chapter and AS 12.63, unless the context requires otherwise,

. . .

(2) "conviction" means that an adult, or a juvenile tried as an adult under AS 47.10 or a similar procedure in another jurisdiction, has entered a plea of guilty or no contest to, or has been found guilty by a court or jury of, a criminal offense, *whether or not the judgment was thereafter set aside under AS 12.55.085* (emphasis added)[.]

■ The appellees argue that this regulation is contrary to the legislature's intent when it adopted ASORA. Because of the potential criminal consequences for failing to register, the appellees argue that ASORA must be strictly construed in their favor. Applying that construction, they claim that the Department's definition of "conviction" violates strict construction because ASORA is ambiguous as to whether they were meant to be included in the regulatory scheme. We note, initially, that a party challenging a regulation bears the burden of showing the regulation's invalidity.[7]

■ Under well-recognized principles of administrative law, regulations promulgated by an administrative agency under specific statutory authorization are presumed valid and will be upheld if they are "consistent with and reasonably necessary to implement the statutes authorizing [their] adoption."[8] Here, the Department was authorized to adopt regulations to implement the purposes of ASORA.[9] Under that authority, the Department defined "conviction" to include a conviction that had been set aside after the

7. *See State, Dep't of Revenue v. OSG Bulk Ships, Inc.,* 961 P.2d 399, 407 (Alaska 1998); *Anchorage Sch. Dist. v. Hale,* 857 P.2d 1186, 1188 (Alaska 1993).

8. *State, Bd. of Marine Pilots v. Renwick,* 936 P.2d 526, 531 (Alaska 1997) (citation omitted).

9. *See* AS 18.65.087(a).

completion of a suspended imposition of sentence.

We must respect the regulations adopted by the Department, and must not overrule its construction of the statute "except for weighty reasons." [10] When we review a regulation adopted pursuant to statutory authority, we review that regulation for consistency with the authorizing statute.[11]

As is apparent from the legislature's findings, the legislature had an obvious concern for public safety when it enacted ASORA.[12] The legislature decided that the high rate of recidivism among convicted sex offenders justified the registration and notification programs that allowed the public to obtain information about the members of that group. When the Department adopted regulations to implement the act, it decided to require the registration of those persons who had been convicted of a sex offense, had received a suspended imposition of sentence, had completed probation and had their convictions set aside.

Under the standard of review we must apply when reviewing an administrative regulation, we conclude that the definition of "conviction" adopted by the Department is consistent with the legislative purpose to protect the public. The definition requires those individuals convicted of a sex offense to register with the Department even if the conviction was set aside. The Department's conclusion that persons whose conviction had been set aside should have the duty to register is a reasonable construction consistent with the purposes and policies of ASORA.

The appellees argue that this definition is inconsistent with a requirement of "strict construction." Even if the Department was

required to employ strict construction of ASORA when it adopted regulations, we observed in *Mack v. State:*

[s]trict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." The intent of the legislature must govern and the policies and purposes of the statute should not be defeated.[13]

When it adopted regulations, the Department was not required to employ strict construction, but to adopt regulations that are consistent with the purposes of the legislation.[14] Even if strict construction was required, it would not require the narrowest interpretation of ASORA. We conclude that the appellees did not meet the burden of showing that the regulation adopted by the Department was inconsistent with ASORA.

Therefore, we conclude that Judge Kauvar erred when she dismissed these cases.

### Conclusion

The order dismissing each defendant's case is REVERSED. The cases are REMANDED for further proceedings on the charge of failing to register as a sex offender.

MANNHEIMER, Judge, concurring.

I concur in the decision reached by Judge Stewart, and I write separately to clarify my view of the issues involved in this case.

Although the parties' briefs and Judge Stewart's opinion discuss the doctrine of "strict construction" (the doctrine that ambiguous penal statutes shall be construed

10. *Whaley v. State,* 438 P.2d 718, 722 (Alaska 1968).

11. *See Renwick,* 936 P.2d at 531–32; *State, Dep't of Revenue v. Cosio,* 858 P.2d 621, 624 n. 1 (Alaska 1993).

12. The legislature found:

(1) sex offenders pose a high risk of reoffending after release from custody;
(2) protecting the public from sex offenders is a primary governmental interest;

(3) the privacy interests of persons convicted of sex offenses are less important than the government's interest in public safety; and
(4) release of certain information about sex offenders to public agencies and the general public will assist in protecting the public safety.
Ch. 41, § 1, SLA 1994.

13. 900 P.2d 1202, 1205 (Alaska App.1995) (quoting *Belarde v. Anchorage,* 634 P.2d 567, 568 (Alaska App.1981)) (citations omitted).

14. *See Renwick,* 936 P.2d at 531–32.

against the government), this case does not involve that doctrine—because there is no ambiguity in the statutes and regulations at issue in this case.

AS 12.63.010(a) states that "[a] sex offender ... who is physically present in [this] state shall register as provided in this section." AS 12.63.100(4) defines "sex offender" as "a person convicted of a sex offense ... in this state or another jurisdiction regardless [of the date of the offense]."

One question is not directly answered by these statutes: What does it mean when the statutes refer to a person "convicted" of a sex offense? Specifically, does this term include defendants who were convicted of a sex offense but who received a suspended imposition of sentence and who later successfully completed their probation and had their conviction set aside under AS 12.55.085(e)? Although the statutes do not answer this question, 13 AAC 09.900(a)(2) clearly does. This regulation, promulgated by the Department of Public Safety, unambiguously declares that "conviction" includes a criminal judgement that has been set aside under AS 12.55.085.

Because there is no ambiguity, there is no need to invoke the doctrine of "strict construction". The question, instead, involves the scope of authority that the legislature vested in the Department of Public Safety.

In AS 18.65.087(a), the legislature authorized and directed the Department of Public Safety to "maintain a central registry of sex offenders". This same statute also authorized the Department to "adopt regulations necessary to carry out the purposes of ... AS 12.63." The question presented in this appeal is whether 13 AAC 09.900(a)(2)—the regulation defining "conviction"—falls within the scope of this legislative authorization.

Can 13 AAC 09.900(a)(2) be deemed "necessary to carry out the purposes of ... AS 12.63"?

This court has recognized that the term "convicted" can have different meanings, depending on the context.[1] For some purposes, defendants are deemed "convicted" when a jury or a judge finds them guilty.[2] For other purposes, defendants are not "convicted" until the court formally enters judgement against them following the sentencing hearing.[3]

These distinctions ultimately are based on legislative policy. If the legislature has provided the pertinent definition, then a court will apply this definition. If the legislature has left the term undefined, then a court will arrive at the applicable definition based on legislative intent and the rules of statutory construction.[4]

The defendants do not seriously dispute the Alaska Legislature's authority to define "conviction" to include set-aside convictions. But in this case the definition was enacted, not by the legislature, but by the Department of Public Safety. The question, then, is whether the legislature authorized the Department of Public Safety to make this sort of policy decision.

As explained above, AS 18.65.087(a) authorizes the Department to promulgate regulations "necessary to carry out the purposes" of the sex offender registration act. By this grant of authority, the legislature empowered the Department to issue regulations that clarify the reach or the scope of the underlying legislation. The resulting regulations are valid even though they arguably extend or restrict the coverage of the sex offender registration act.

The Alaska Supreme Court addressed a similar legal problem in *Alaska Department*

1. See *Larson v. State*, 688 P.2d 592, 597–98 (Alaska App.1984); *Kelly v. State*, 663 P.2d 967, 971 (Alaska App.1983).

2. See Alaska Bar Rule 26(*l*).

3. See *Wells v. State*, 706 P.2d 711, 715 (Alaska App.1985) (holding that, for purposes of construing the penalty-enhancing provision of AS 12.55.025(e) (requiring consecutive sentences), a person is "previous[ly] ... convict[ed]" only when their crime was committed after the entry of judgement from their prior crime).

4. See, e.g., *Tulowetzke v. Dept. of Public Safety, Div. of Motor Vehicles*, 743 P.2d 368, 370–71 (Alaska 1987); *Mancini v. State*, 904 P.2d 430, 432–33 (Alaska App.1995) (the legal meaning or the legal effect of a "conviction" is a question of policy, and it is to be decided by construing the pertinent Alaska statutes).

*of Revenue v. Cosio.*[5] The legislature has authorized the Department of Revenue to "adopt regulations ... for determining the eligibility of individuals for permanent fund dividends."[6] The question in *Cosio* was whether the Department of Revenue could lawfully promulgate a regulation that "exclud[es] ... applicants who arguably fall within the statutory definition of eligible applicants."[7] The supreme court ruled that the Department did have this authority, so long as the regulatory "exclusion ... [is] consistent with the statutory purpose" and so long as the exclusion is "reasonable and not arbitrary".[8]

In the present case, the purpose of the sexual offender registration act is to protect the public by alerting them to the presence of persons who have been convicted of sex offenses. The Department of Public Safety has determined that the legislature's purpose will be advanced if the term "convicted" is defined to include defendants who received suspended impositions of sentence and whose convictions were later set aside. The Department's decision is "consistent with the statutory purpose", and it is a reasonable policy choice. This court must therefore uphold the challenged regulation.

COATS, Chief Judge, Dissenting.

The Alaska Sex Offender Registration Act requires sex offenders who are physically present in the state to register.[1] The statute defines a "sex offender" as "a person convicted of a sex offense ... in this state or another jurisdiction regardless [of the date of the offense]."[2] The statute does not define what "convicted" means. Although generally it is clear whether someone has previously been convicted of an offense, there are situations where the term "convicted" is ambiguous. Under AS 12.55.085 the legislature has provided that the court can place a person on probation without imposing sentence. At the end of the probationary period, the court may set aside the conviction. We have previously held that a conviction so set aside does not constitute a conviction for purposes of presumptive sentencing.[3] Therefore, a person who has successfully completed his probation under a suspended imposition of sentence and had his conviction set aside has a substantial argument that he has not been convicted.

The promise of a suspended imposition of sentence provides a substantial incentive and potential reward for a defendant facing prosecution on a criminal charge. If he can complete his probation, his conviction can be set aside. As a consequence, many defendants have entered into plea bargains in order to have the opportunity to have their convictions set aside. Judges use the suspended imposition of sentence as an incentive. If the defendant does not complete his probation, he can potentially be sentenced up to the maximum for the offense. On the other hand, if he successfully completes his probation, his conviction can be removed from his record. Thus, it is reasonable to infer that the appellees in this case placed substantial reliance on the fact that since they received a suspended imposition of sentence, it could be removed from their record. They successfully completed their probation and had their convictions set aside. At that time, they could reasonably conclude that their criminal conviction was part of their past, and that, if they continued to be law abiding citizens, they had a good chance of not suffering any disabilities because of this prior prosecution.

The Sex Offender Registration Act imposes substantial obligations and risks on those who are required to register. A major purpose of registration is to inform the public of

**5.** 858 P.2d 621 (Alaska 1993).

**6.** *See* AS 43.23.015(a).

**7.** *Cosio,* 858 P.2d at 625.

**8.** *Id.* (citation omitted). For a recent affirmation of *Cosio,* see *Church v. Alaska Department of Revenue,* 973 P.2d 1125 (Alaska 1999) (upholding a regulation restricting "allowable absences" for

purposes of determining a person's eligibility for the Permanent Fund dividend).

**1.** AS 12.63.010(a).

**2.** AS 12.63.100(4).

**3.** *See Larson v. State,* 688 P.2d 592, 597 (Alaska App.1984).

the identity and address of any person who has been convicted as a sex offender so that members of the public can protect themselves from offenders presumed dangerous. It is obvious that this exposure could result in substantial adverse consequences to a convicted sex offender's privacy, employment and personal safety. Therefore, it is reasonable to assume that a defendant faced with prosecution for a crime which would require him to register as a sex offender would take this into account in defending the criminal case. Since the appellees in this case qualified for, and successfully completed a suspended imposition of sentence, it is reasonable to infer that their offenses were relatively minor. Had they been considered more serious offenders, they would have received more severe punishment. This kind of offender, had he been aware of the Sex Offender Registration Act, could very well have negotiated to plead to an offense that would not require him to register. A current example of this kind of disposition is *Whitehead v. State,* where the defendant entered a plea to an assault charge rather than a sexual assault charge.[4] It seems obvious that a major factor in the plea was the defendant's desire to avoid the Sex Offender Registration Act. The appellees in this case had no such choice since the Act was not even in existence at the time they entered their pleas.

The legislature has provided that a defendant who enters a guilty or no contest plea to an offense where registration under the Sex Offender Registration Act is required must be informed of that fact.[5] This tends to illustrate the legislature's under-standing of the significant impact which the Sex Offender Registration Act can have on a person who is required to register. Recently, in *Peterson v. State,* we held that where a defendant was unaware of his duty to register, he must be allowed to withdraw his plea.[6]

We have recently upheld the Sex Offender Registration Act against various constitutional challenges.[7] Although we upheld the statute, it is obvious that the Act significantly impacts those required to register. We concluded, based on the great weight of authority, that the legislature had the authority to determine that requiring convicted sex offenders to register and publicize their identity was necessary for public protection. But given the substantial impact of the Sex Offender Registration Act on a person who is required to register, it seems to me that the Sex Offender Registration Act, like a criminal statute, should be narrowly read and strictly construed against the government.[8]

As I have previously pointed out, it is questionable whether the legislature intended to have defendants register who successfully completed a suspended imposition of sentence and had their conviction removed from their record. The majority attempts to get around this statutory ambiguity by defining the problem as a matter of administrative law. The majority relies on AS 18.65.087(a) where the legislature directed the Department of Public Safety to "maintain a central registry of sex offenders." The legislature also gave the Department the authority to "adopt regulations necessary to carry out the purposes of ... [the Sex Offender Registration Act]."[9] The Department of Public Safety has passed a regulation which defines a conviction to include a suspended imposition of sentence, even if the judgment was set aside.[10]

Given the substantial constitutional questions raised by the Sex Offender Registration Act, and the significant impact of the Act on a person who is required to register, I do not believe that this ambiguous delegation of authority to the Department of Public Safety is

---

**4.** *See Whitehead v. State,* 985 P.2d 1019 (Alaska App.1999).

**5.** *See* Alaska R.Crim. P. 11(c)(4).

**6.** *See Peterson v. State,* 988 P.2d 109 (Alaska App. 1999).

**7.** *See Patterson v. State,* 985 P.2d 1007 (Alaska App.1999).

**8.** *See State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985).

**9.** AS 18.65.087(a).

**10.** 13 AAC 09.900(a)(2).

sufficient.[11] In order to carry out the Sex Offender Registration Act, the legislature needed to give the Department of Public Safety the power to adopt regulations. But there is no indication that the legislature intended to allow the Department of Public Safety to define who would be required to register. Given the important constitutional questions raised by the Sex Offender Registration Act, it seems to me that the legislature must determine who is required to register, or at least, that the legislature must make it clear that it intended to delegate this responsibility to the Department of Public Safety. Since I have substantial questions whether the legislature intended to require the appellees to register, I would hold that the law, as it is currently written, does not require them to do so.

11. *See Mistretta v. United States*, 488 U.S. 361, 373 n. 7, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (reviewing courts give "narrow constructions to statutory delegations that might otherwise be thought to be unconstitutional").