*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KELLEY MAVES, | ) |
| | ) Supreme Court No. S-17492 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-15-08842 CI |
| v. | ) |
| | ) O P I N I O N |
| STATE OF ALASKA, | ) |
| DEPARTMENT OF PUBLIC | ) No. 7501 – January 22, 2021 |
| SAFETY, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Darryl L. Thompson, Darryl L. Thompson, P.C., Anchorage, for Appellant. Hazel C. Blum, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

A man was convicted of two sexual assaults in Colorado in 1997. He moved to Alaska in 2015, where the Department of Public Safety required him to register for life as a sex offender under the Alaska Sex Offenders Registration Act (ASORA).

The man appealed the Department's decision to the superior court, arguing that one of the two convictions could not be used as the basis for a lifetime registration requirement because it had been set aside; with one conviction he would be required to register for only 15 years. His argument on appeal included a challenge to a 1995 departmental regulation that defined "conviction" as including those that had been set aside. The superior court affirmed the Department's decision requiring the man to register for life.

We conclude that the 1994 version of ASORA was not plainly intended to apply to offenders whose convictions have been set aside and that the 1995 regulation extending the Act's reach to those convictions was not necessary to carry out the Act's purposes. We therefore reverse the superior court's decision upholding the requirement that the man register under ASORA for life.

## II.  FACTS AND PROCEEDINGS

### A.    Facts

In 1997 Kelley Maves was charged in Colorado with two counts of sexual assault and pleaded guilty to both offenses. He was sentenced to 60 days in prison on a count of third-degree sexual assault and received a deferred judgment and sentence on a count of second-degree sexual assault.[1] In 2002 a Colorado court determined that Maves was in compliance with the terms and conditions of his probation, and he was allowed to withdraw his plea of guilty to the second-degree sexual assault charge, which was then dismissed with prejudice.[2] Maves moved to Alaska in 2015, and the

---

[1]    *See* Colo. Rev. Stat. § 16-7-403 (1997) (current version at Colo. Rev. Stat. § 18-1.3-102 (2020)) ("Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the charge . . . shall be dismissed with prejudice.").

[2]    *See id.*

Department informed him that because he had two convictions for sex offenses, he would need to register for life under ASORA.[3]

## B.    Proceedings

Maves appealed the lifetime registration requirement to the Commissioner of Public Safety.  ASORA currently defines "conviction" to include convictions that have been set aside,[4] but Maves argued that because his offenses took place in 1997 he was subject to the 1994 version of ASORA, which did not include that definition.  The Commissioner denied Maves's appeal.

Maves appealed the Commissioner's decision to the superior court.  The court decided that the Department had violated the ex post facto clause by applying the 1999 version of ASORA's definition of "conviction" to Maves's 1997 offense.  The court further concluded that under the 1994 version of the law, only the third-degree sexual assault conviction qualified as a conviction for purposes of ASORA.  Because Maves had only one conviction, he was required to register for 15 years, not life.

The Department appealed, and in an unpublished order we reversed the superior court's decision and remanded the case.[5]  We observed that although ASORA did not define "conviction" at the time of Maves's offenses in 1997, the Department had promulgated a regulation defining "conviction" in 1995.[6]  "Of particular relevance to this

---

[3]    AS 12.63.020(a)(1) provides that "[t]he duty of a sex offender . . . to comply with [the statutory registration requirements] . . . continues for the lifetime of a sex offender . . . convicted of . . . two or more sex offenses."

[4]    AS 12.63.100(3).

[5]    *State, Dep't of Pub. Safety v. Maves,* Nos. S-16460/16470 (Alaska Supreme Court Order, Dec. 19, 2017).

[6]    *Id.*; *see* 13 Alaska Administrative Code (AAC) 09.900(a)(2) (1995) (current
(continued...)

case, the regulation stated that a conviction would count toward an individual's registration requirement 'whether or not the judgment was thereafter set aside under AS 12.55.085 [Alaska's suspended imposition of sentence statute] or a similar procedure in another jurisdiction.' "[7] We concluded that the prohibition on ex post facto legislation would "not bar application of ASORA to judgments entered after adoption of the 1995 regulation, even if they are set aside under AS 12.55.085, because the defendants in this category had notice that they would not be exempt from registration."[8] We directed the superior court to determine on remand "whether Maves's deferred sentence is 'similar' to the set aside of a conviction pursuant to AS 12.55.085, and if so, whether [Maves] is required by ASORA to register for life."[9]

On remand the superior court granted Maves's motion to expand the issues to include whether the Department's 1995 regulation was valid and enforceable. After full briefing the superior court decided that (1) the Colorado and Alaska deferred sentencing procedures were "similar" and the conviction set aside under Colorado law was therefore a conviction for purposes of the 1995 regulation; and (2) the regulation was a valid enactment within the scope of the authorizing legislation and the Department's rule-making authority. Having decided both issues in favor of the

---

[6]     (...continued)
version at 13 AAC 09.900(b)(1) (2020)).

[7]     *State, Dep't of Pub. Safety v. Maves*, Nos. S-16460/16470 (Alaska Supreme Court Order, Dec. 19, 2017) (citing 13 AAC 09.900(a)(2) (1995)).

[8]     *Id.* (citing *Doe v. State, Dep't of Pub. Safety*, 92 P.3d 398, 412 (Alaska 2004) (Matthews, J., concurring)).

[9]     *Id.*

Department, the court affirmed the Department's order requiring Maves to register for life under ASORA.

Maves again appeals.

## III. STANDARD OF REVIEW

"When the superior court acts as an intermediate court of appeals, we independently review the decision of the administrative agency or actor."[10] "A regulation's consistency with its enabling statute is a question of law to which we apply 'the appropriate standard of review based on the level of agency expertise involved.' "[11] Whether the regulatory definition of "conviction" at issue here is consistent with the enabling statute does not implicate the Department's expertise; we therefore review the issue under the substitution of judgment standard.[12] "Under this standard we exercise our independent judgment, substituting our 'own judgment for that of the agency even if the agency's [interpretation] ha[s] a reasonable basis in law.' "[13]

## IV. DISCUSSION

The question we decide in this appeal is whether a conviction that was set aside remains a "conviction" for purposes of the 1994 version of ASORA; if it does, then a sex offender whose conviction was set aside would still be required to register. Maves

---

[10]    *Kohlhaas v. State, Office of Lieutenant Governor*, 147 P.3d 714, 716-17 (Alaska 2006).

[11]    *City of Valdez v. State*, 372 P.3d 240, 246 (Alaska 2016) (quoting *Davis Wright Tremaine LLP v. State, Dep't of Admin.*, 324 P.3d 293, 299 (Alaska 2014)).

[12]    *See Alaska Ass'n of Naturopathic Physicians v. State, Dep't of Commerce*, 414 P.3d 630, 634 (Alaska 2018) (using substitution of judgment standard to determine whether regulations limiting naturopaths prescribing authority were consistent with enabling legislation).

[13]    *Id.* (alterations in original) (quoting *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987)).

did not appeal only this issue; he also appealed the superior court's determination that the Colorado procedures under which his sentence was set aside were similar enough to Alaska's set-aside procedure that his deferred sentence met the regulatory definition of "conviction," which includes convictions that are "set aside under AS 12.55.085 *or a similar procedure in another jurisdiction*."[14] However, we need not reach this second issue because of our decision that the regulation was invalid.

As enacted in 1994, ASORA provided that "[a] sex offender who is physically present in the state shall register as provided in this section."[15] The statute defined "sex offender" as "a person convicted of a sex offense in this state or another jurisdiction regardless of whether the conviction occurred before, after, or on the effective date of this section."[16] The word "conviction" was not defined (though it is now).[17] We emphasize that our decision in this case is limited to the effect of the 1994 law — that is, it affects only those persons like Maves whose convictions were set aside before the 1999 amendment to ASORA discussed below.

When enacting ASORA in 1994, the legislature authorized the Department to promulgate regulations "necessary to carry out the purposes of [ASORA]."[18] The Department issued regulations in 1995 that included 13 AAC 09.900(a)(2), defining "conviction" to include a guilty plea, no contest plea, or other finding of guilt "whether or not the judgment was thereafter set aside under AS 12.55.085 or a similar procedure

---

[14] 13 AAC 09.900(a)(2) (1995) (emphasis added).

[15] Ch. 41, § 4, SLA 1994. The current version of the statute adds "child kidnapper" to the persons subject to the registration requirements. *See* AS 12.63.010(a).

[16] Ch. 41, § 4, SLA 1994.

[17] *See* AS 12.63.100(3) (defining "conviction").

[18] Ch. 41, § 5, SLA 1994; *see* AS 18.65.087(a).

in another jurisdiction." The referenced statute, AS 12.55.085, authorizes the trial court "in its discretion" to suspend the imposition of sentence "if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served." Subsection (e) provides: "Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect."[19]

Maves argues that 13 AAC 09.900(a)(2) was invalid because ASORA did not expressly include persons whose convictions had been set aside and the Department lacked authority to expand the Act's reach to include those persons by regulation. "We review an agency's regulation for whether it is 'consistent with and reasonably necessary to implement the statutes authorizing [its] adoption.' "[20] In doing so, "we consider: (1) whether [the agency] exceeded its statutory authority in promulgating the regulation; (2) whether the regulation is reasonable and not arbitrary; and (3) whether the regulation conflicts with other statutes or constitutional provisions."[21] Maves argues that 13 AAC 09.900(a)(2) fails these tests because it "was not necessary to carry out the purposes of [ASORA]; it was arbitrary and capricious and it exceeded the scope of the enabling legislation."

The court of appeals addressed this issue in *State v. Otness*, concluding that the defendants in three consolidated cases — whose convictions had been set aside under AS 12.55.085 — had not carried their burden of showing that 13 AAC 09.900(a)(2) was

---

[19] The same statutory language was in effect in 1995. Ch. 50, § 1, SLA 1995.

[20] *Manning v. State, Dep't of Fish & Game*, 355 P.3d 530, 534 (Alaska 2015) (alteration in original) (quoting *Wilber v. State, Commercial Fisheries Entry Comm'n*, 187 P.3d 460, 464 (Alaska 2008)).

[21] *Id.* (alteration in original) (quoting *Wilber*, 187 P.3d at 464-65).

inconsistent with the purposes of its enabling legislation.[22] Chief Judge Coats dissented.[23] He noted that ASORA did not define "convicted," and he observed that "there are situations where the term 'convicted' is ambiguous."[24] He explained the purposes of the set-aside statute — to incentivize and reward good behavior — and found it "questionable whether the legislature intended to have defendants register who successfully completed a suspended imposition of sentence and had their conviction removed from their record."[25] Chief Judge Coats believed that "[g]iven the substantial constitutional questions raised by [ASORA], and the significant impact of the Act on a person who is required to register, . . . this ambiguous delegation of authority" to the Department was insufficient to authorize the Department "to define who would be required to register."[26]

We have addressed ASORA in a number of opinions since *Otness* was decided.[27] We have repeatedly acknowledged the serious restraints ASORA places on offenders' liberty interests, recognizing that the Act's "requirements are both punitive and regulatory."[28] In *Doe I* we held that ASORA could not be constitutionally applied to an

---

[22]    986 P.2d 890, 891-92 (Alaska App. 1999).

[23]    *Id.* at 894-96 (Coats, C.J., dissenting).

[24]    *Id.* at 894.

[25]    *Id.* at 894-95.

[26]    *Id.* at 895-96.

[27]    *See Doe v. Dep't of Pub. Safety* (*Doe III*), 444 P.3d 116 (Alaska 2019); *Doe v. State* (*Doe II*), 189 P.3d 999, 1007-19 (Alaska 2008); *Doe v. State, Dep't of Pub. Safety* (*Doe I*), 92 P.3d 398, 408-12 (Alaska 2004).

[28]    *Doe III*, 444 P.3d at 123; *see also Doe II*, 189 P.3d at 1007-19 (deciding that ASORA is punitive for purposes of ex post facto clause and may not be applied retroactively); *Doe I*, 92 P.3d at 408-12 (deciding that applying ASORA to offenders

(continued...)

offender whose sentence had been set aside before ASORA's enactment.[29] But "[b]ecause Doe's conviction and set-aside order both predated the effective dates of both the 1995 regulation and the 1999 amendment which redefined 'conviction' to include convictions that were set aside, it [was] not necessary in [that] case to consider whether the regulation was valid."[30]

We now face the issue left undecided in *Doe I* — the validity of the 1995 regulation. Much of the discussion in that case helps shape our analysis here. In *Doe I* we explained "[t]he meaning and effect of setting aside a conviction" under AS 12.55.085.[31] We noted that the procedure is "typically reserved for low-risk, first-time offenders" who are most likely to satisfy "the terms and conditions of [their] probation without incident."[32] Once set aside, the former conviction has limited effects.[33] For example, a set-aside conviction generally is not a "prior conviction" for purposes of

---

[28]     (...continued)
whose convictions were set aside before the law went into effect violated due process).

[29]     92 P.3d at 408-12.

[30]     *Id.* at 411-12 n.83. Justice Matthews, concurring, noted that "[t]he effective date of [the 1995] regulation . . . will be the critical date governing the application of the precedent established by the opinion of this court *assuming the regulation was authorized and validly promulgated.*" *Id.* at 412 n.1 (Matthews, J., concurring) (emphasis added).

[31]     *Id.* at 405-07 (majority opinion).

[32]     *Id.* at 405; *see also State v. Mekiana*, 726 P.2d 189, 193 (Alaska 1986) (recognizing set-aside convictions as a way of encouraging defendants "to meet the conditions of their probation" and show that they have "reformed," rewarding them "with a clean record").

[33]     *See State, Div. of Corps., Bus. & Prof'l Licensing, Alaska Bd. of Nursing v. Platt*, 169 P.3d 595, 599 (Alaska 2007) (noting that set-aside conviction "loses much of its legal importance in future legal proceedings").

increased sentencing for a later crime; the fact that it was set aside may be "an affirmative defense in some repeat offender situations"; and the conviction may not be used for impeachment purposes under Alaska Rule of Evidence 609(d)(2).[34] On the other hand, the set-aside conviction will remain in the public record (with the collateral consequences that may impact issues like employment and housing) and may be relevant to a court's consideration of aggravating factors in a later sentencing proceeding.[35] "But these consequences are relatively limited, and are foreseeable to a set-aside candidate."[36]

We also explained in *Doe I* that the burdens ASORA imposes on offenders — the duties to register, "to disclose extensive personal information," and "to keep their information current for at least fifteen years or the rest of their lives, depending on the offense," as well as the State's inclusion of this personal information in the public registry — "differ dramatically" from the minimal burdens remaining after a conviction has been set aside.[37] Noting that ASORA's requirements are premised on "the assumption that persons convicted of sex offenses pose a significant danger of committing new sex offenses," we determined that this assumption was "fundamentally inconsistent with the individualized findings of fact a court makes before setting aside a particular offender's conviction," i.e., "that the particular offender does not pose significant danger of

---

[34] *Doe I,* 92 P.3d at 406; *see also Wickham v. State*, 844 P.2d 1140, 1144 (Alaska App. 1993) (holding "that a conviction may not be relied on for impeachment purposes after it has been set aside under this statute"); *Larson v. State*, 688 P.2d 592, 597 (Alaska App. 1984) ("We . . . hold that a conviction that has been set aside pursuant to AS 12.55.085(e) is not a prior conviction for purposes of presumptive sentencing.").

[35] *Doe I*, 92 P.3d at 406-07.

[36] *Id*. at 407.

[37] *Id.* at 409.

reoffending."[38] We held "that applying ASORA to Doe burdens his fundamental liberty interests and right to procedural fairness arising out of the set-aside granted him in 1994, such that the state must establish a compelling governmental interest."[39]

Turning to the State's interest in applying ASORA to the defendant in *Doe I*, we observed that "[w]hen the legislature enacted ASORA, it found that 'sex offenders pose a high risk of reoffending after release from custody.' "[40] But the State's legitimate interest did not extend to persons whose convictions had been set aside before ASORA was enacted; those persons had the settled expectation that the State could no longer use "the conviction or the underlying misconduct as grounds for compelling the defendant to act as though he remains convicted, has never been rehabilitated, and continues to pose a public danger."[41]

Given the central purpose of ASORA — to monitor offenders who "pose a high risk of reoffending"[42] — we cannot say that the regulation at issue here is "consistent with and reasonably necessary to implement the statutes authorizing [its] adoption."[43] As we recognized in *Doe I*, offenders who have had their convictions set aside have demonstrated on an individualized basis that they are not within the class of offenders the

---

[38]     *Id.*

[39]     *Id.* at 411.

[40]     *Id.* (quoting ch. 41, § 1, SLA 1994).

[41]     *Id.*

[42]     *Id.* (quoting ch. 41, § 1, SLA 1994).

[43]     *Manning v. State, Dep't of Fish & Game*, 355 P.3d 530, 534 (Alaska 2015) (alteration in original) (quoting *Wilber v. State, Commercial Fisheries Entry Comm'n*, 187 P.3d 460, 464 (Alaska 2008)).

Act was meant to reach.[44] Adding those offenders by regulation was therefore not "reasonably necessary to implement" ASORA.

This is not to say that the legislature itself could not define "conviction" to include those that had been set aside, as it later did. In 1999 Governor Tony Knowles transmitted to the legislature a number of proposed changes to ASORA, including a new definitional section intended to "clarify[] that 'conviction' includes convictions set aside under a [suspended imposition of sentence]."[45] The governor noted that the new definition would require approximately 185 additional individuals to register as sex offenders.[46] The bill itself reiterated a purpose "to clarify the law in order to validate and affirm the long-standing policy contained in state regulation defining 'conviction' for purposes of registration of sex offenders . . . under [ASORA] to include a variety of judgments, including those set aside by suspended imposition of sentence under AS 12.55.085."[47]

We are not bound by the contemporaneous pronouncements of the governor and the bill sponsor[48] that the 1999 legislation was intended to clarify the law rather than change it. Asking " 'whether a legislature which has amended a statute intends to change or merely clarify the statute is usually fruitless' because the legislature's opinion as to the meaning of a statute passed by an earlier legislature is no more persuasive than that of a

---

[44] *Doe I*, 92 P.3d at 409.

[45] 1999 House Journal 188-89; 1999 Senate Journal 205.

[46] 1999 House Journal 189; 1999 Senate Journal 206.

[47] Ch. 54, § 1, SLA 1999.

[48] Minutes, House Fin. Comm. Hearing on S.B. 3, 21st Leg., 1st Sess. 1:45-3:00 (May 10, 1999) (testimony of Juli Lucky, Staff, Senator Rick Halford).

knowledgeable commentator."[49]    Given the nature and purpose of set-aside convictions — that they reflect a judicial finding of rehabilitation and generally have limited effects going forward — we believe that the legislature would have expressly included set-aside convictions in the 1994 version of ASORA had that been its intent at the time. The legislature's express amendment to ASORA's coverage in 1999, affecting 185 individuals of questioned eligibility, supports this conclusion; it confirms that identifying those who are subject to the law's severe strictures is an important policy choice that must originate with the legislature — if not by express inclusion then by a clear delegation of authority to the Department. The 1994 version of ASORA provided neither.

We conclude that 13 AAC 09.900(a)(2), defining "conviction" to include instances in which a court "set aside" the conviction, was not "consistent with and reasonably necessary to implement" ASORA as enacted in 1994.[50] The regulation was therefore invalid as outside the scope of its enabling legislation.[51]  Once Maves's Colorado conviction was set aside, it was not a conviction for purposes of registration under the 1994 version of ASORA. With only one conviction, he was required to register under ASORA for 15 years rather than life.

---

[49]    *Hageland Aviation Servs., Inc. v. Harms*, 210 P.3d 444, 448 n.12 (Alaska 2009) (quoting *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1252 (Alaska 1988)).

[50]    *See Manning v. State, Dep't of Fish & Game*, 355 P.3d 530, 534 (Alaska 2015) (quoting *Wilber v. State, Commercial Fisheries Entry Comm'n*, 187 P.3d 460, 464 (Alaska 2008)). We note that the current version of the regulation simply defines "conviction" as having "the meaning given in AS 12.63.100" "unless the context requires otherwise." 13 AAC 09.900(b) (2020).

[51]    We accordingly overrule *State v. Otness*, 986 P.2d 890 (Alaska App. 1999).

## V.   CONCLUSION

We REVERSE the superior court's decision and REMAND for further proceedings consistent with this opinion.